## SHERMAN & MITCHELL v. WOOSTER

### I. Per CURIAM.

1. **Will:** CONSTRUCTION. The rule that a will should receive such a construction as will pass an estate of inheritance to the first donee, will be favored under our law.

2. ——— A will contained the following clause: "The residue of my estate, real and personal, I give, bequeath and dispose of as follows: to my wife one-half of my real estate also all my personal property during her natural life, and at her decease to be equally divided between my two daughters, the one-half of my real estate I bequeath to my two daughters and their heirs." Held, that the wife took one-half the real estate in fee, and that the words "during her natural life," were limited to the personal property.

### II. Per DILLON, Ch. J.

3. The testator intended to give to the wife only a life estate in one-half the land.

*Appeal from Jones District Court.*

### FRIDAY, DECEMBER, 18.

THE will of Emory Wooster, after providing for the payment of debts, contained this clause: " The residue of my estate, real and personal I give, bequeath and dispose of as follows, to wit: To my wife, one-half of my real estate also all my personal property during her natural life and at her decease to be equally divided between my two daughters, the one-half of my real estate I bequeath to my two daughters and their heirs."

In a proceeding for partition brought by plaintiffs who held under the daughters, the question was, whether the widow took a life estate only, or the fee in one-half of the real estate. The court below held, that she took for life only, and from this ruling she appeals.

*John McKean* for the appellant.

*Davis McCarn* for the appellees.

WRIGHT, J. — The land in controversy consists of two hundred acres, one quarter section unimproved, and forty <span style="font-variant: small-caps">Will: construction.</span> acres partially improved. The decedent left his wife and two children (the two daughters) surviving him. Aside from the will the only testimony, admitted without objection, was that of one witness who testified, that the testator said to him about the time the will was made, and just before his death, that the two girls were to have one hundred acres, to be divided between them, and his wife the other hundred, that there would not be much personal property after paying debts, and he did not care much about that. But he did not state whether the wife was to take for life or in fee.

From this statement we need hardly remark, that the case must be decided by giving a construction to the language of the will, without aid from other testimony. And that the language used is far from being clear, is manifest enough whether read casually or carefully. My first impression was in accord with the construction given to the instrument by the court below.

Subsequent reflection has brought me to the other conclusion, and to the belief that the wife took an estate in fee. It is conceded, that the word "heirs," or "heirs and assigns forever," or words of similar import, were not necessary to pass the fee. This difficulty, then, is out of the way. For if there is nothing to limit the estate devised, the words "one-half of my real estate," would give an estate of inheritance to the wife, and not for life only. And we remark, that courts are disposed to give such a construction as will pass an estate of inheritance to the first donee.

Cases have occurred where the devise has been restricted upon the ground, that no words were used clearly imputing that it was intended to pass the larger estate; but it is said, that in a majority of them this construction has resulted in defeating the intention of the testator. Redf. on Wills, 421, and cases cited in note 1. In this country and under our law there need be no hesitation in applying this rule, when the wife, and not the child, is the donee. ' For the policy of our legislation is such, that courts will incline as strongly to protect her in the enjoyment and possession of all her rights, and will as readily construe the instrument to give her the larger estate, as though she was the child or heir. We have no law of primogeniture, nor any of those narrow views, which regard the wife as having those rights, and those only, which are clearly given to her in a devise or conveyance for her benefit. She is treated as the help, the aid of the husband in the truest and highest sense, and our courts will not by a narrow and strict construction limit or restrict the estate which she may take or claim under a will. Their plain duty is to look into the whole will, and by adverting to all the provisions made therein, and not to any single one alone, ascertain the real intent and meaning of the testator.

It is beyond doubt, that the person drawing the will possessed but little knowledge of legal terms, that he knew but little of the force of the language employed. For otherwise he would have used words (and but few were needed) which would have placed the matter beyond all possible doubt. But this was not done, and hence the difficulty must be settled by construction, and that too of a sentence which is without punctuation marks, or anything else than the very words, to show their meaning.

It will be observed that the testator undertook to dis-

pose of his whole estate or property, real and personal. But did he intend that the wife should have but a life estate in one-half of his lands — the daughters taking the fee; or did he intend that she should have the fee — confining the words "during her natural life, and at her decease to be equally divided between my two daughters" — to his personal property? The first objection to the latter construction is, that it would be unreasonable that he should thus devise personal property, for that it is comparatively perishable, and that he would be more likely to apply the limit to the real than the personal estate. And yet if any thing is clear in the language used it is that these words "during her natural life," etc., do apply to the personalty. The only question is, whether they relate back to the real estate also?

The argument, therefore, based upon the nature of the property, finds no support in the language used.

Suppose we undertake, however, to apply it to both, do we really give a fair construction to all the provisions of the will? In the *conclusion* of the will there is a clear and unambiguous devise of "one half of my real estate to my two daughters, and their heirs." Is not the inference fair from this, that he regarded that he had either already given to some other one the other half, or that this half was all that he intended that the daughters should have of his realty? The language is not "the *other* half," but, "*the one half,*" thus showing, as it seems to me, that he had in mind the division of his real estate between the mother and the daughters. Then, again, the words "during her natural life," etc., have something upon which to operate, to wit, "all my personal property" — without carrying them back to the real estate. So, too, the language is explicit, "I give, etc., to my wife one-half of my real estate." Then the subsequent clause, "the one-half of my real estate I bequeath to my daughters and their

heirs," taken in connection with the first, disposes, if not in apt words, at least sufficiently, of the fee in all the lands. Add the further thought, that he does not speak of the division upon the wife's death between the daughters and their heirs, as he does in the concluding clause, and we see that he probably had in mind personalty alone. If it be said, that he does not use the word "heirs" in the devise to the wife, and therefore he intended a life estate, the answer is, that he knew that, if she retained the estate, these daughters would be her heirs, and he confidingly hoped, doubtless, that they would be the only ones. So that, after giving to the subject my best thought, I feel bound to conclude that defendant took the fee in one-half of the land, and that the court below erred in holding otherwise; and a majority of the judges concurring, the judgment below is reversed and the cause remanded for judgment in accordance with the agreement of the parties.

Reversed.

DILLON, Ch. J., dissents, on the ground, that, in his opinion, the testator intended to give to his wife, in one-half of the land, a life estate only.