SAMUEL MATHER *et al.*

*v.*

ASA F. MATHER *et al.*

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

1. WILL—*whether void for uncertainty— construction as to who are the ultimate takers—and as to the character of the intervening estate.* A testator provided by his will: "After all my debts are paid and discharged, that the residue of my property, both real and personal, shall remain as my estate as long as I have a living child,—the rents, use and interests of my estate, both personal and real, I dispose of as follows: First, to my wife I will and bequeath one-third of the net income of my estate, both personal and real, during her life, if she accepts it in lieu of dower. Secondly, I will and bequeath to my children the remaining two-thirds of the net income of my estate," naming each child, "during the life of their mother, and after the death of their mother the whole of the net income of my estate during their lives; and should any of my children die before the time for the final division of my estate, leaving heirs of their body, then their children shall take the share of their parent until the final settlement of my estate, and at the death of my last surviving child, my will is that my estate be equally divided between my grandchildren, they to share and share alike. Should any of my grandchildren die before the final division of my property, leaving heirs of their body, their children to take the share of their parent. I hereby appoint my son-in-law, Jonathan Royse, and my son, Asa F. Mather, to be executors of this my last will and testament." It was *held*, the will was sufficiently certain in its provisions to be enforced, and that the purpose of the

testator was, that all his property, both real and personal, should be kept together as one entire estate, the net income of which, in the meantime, was to go, one-third to his wife during her life, and the remaining two-thirds thereof to his children, and upon the death of the wife the entire net income to go to his children until the death of his last surviving child, and on the happening of that event his whole estate to be equally divided among a class of persons described in the will, who might be living at such period of distribution,—the class who were to be the ultimate takers consisting of the grandchildren of the testator, or the children of such of the grandchildren as may have died before the time of distribution, including as well such grandchildren as may have been born after, as those born before, the death of the testator.

2. SAME—*of a devise to a class—who shall take.* The rule is, where a will carves out a particular estate which intervenes the death of the testator and the period of distribution of an estate devised to a class, then all persons belonging to such class, living at the time the estate is to be divided, are included, notwithstanding some of them may have been born after the death of the testator.

3. SAME—*of the sufficiency of the particular intervening estate to support a remainder in fee—devise of the net income of an estate.* It has been held that a devise of rents and profits will pass the land out of which the rents and profits are to arise. So where, as in this case, there is a devise of the net profits of an estate to the wife and children of the testator during their lives, that will operate as a devise of the property to them during their lives. And this particular estate so devised to the wife and children is of such character as will support a remainder in fee devised to another, or to a class of persons. In such case the estate in remainder will not vest in possession at the death of the testator so as to cut off any of those properly belonging to the class designated in the will as ultimate takers.

4. SAME—*as to the management of an estate until distribution—by whom.* In this case, in view of the fact that the net profits of the estate which were to go to the first takers under the will during their lives, must arise out of the personal as well as the real estate, and the direction that the entire estate should be kept together as the estate of the testator until the period for final distribution, and there was no specific direction in the will as to the persons in whose hands the estate should remain, or by whom it should be managed in the meantime, it was held to have been the intention of the testator that this duty should devolve upon the executors named in the will, under their general appointment as executors of his last will and testament.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. A. O. Marshall, for the appellants, made the following points among others:

No life or intermediate estate is provided for by the will. There can be but one actual seizin of an estate at one and the same time, and that can only be in him who has a freehold therein. 2 Washburn on Real Prop. 498, sec. 1.

A freehold is necessary to keep the seizin for the remainder-man. 2 Washburn on Real Prop. sec. 8, page 502; 4 Kent's Commentaries, (10th ed.) 268.

It is an essential and imperative rule of law that a remainder should take effect immediately on the determination of the prior estate, the particular estate and remainder together, forming one continuous ownership. 2 Washburn on Real Prop. sec. 10, page 503.

If the particular estate is void, the remainder is left without support. 2 Washburn on Real Prop. sec. 21, page 512; 4 Kent's Commentaries, 269; Broom's Legal Maxims, 180.

A possibility at the creation of the limitation that the event upon which it depends may exceed in point of time the authorized period, is fatal to it. 5 Abbott's (N. Y.) Digest, sec. 12, page 147, and cases there cited.

A limitation void as to some of the persons comprised in the class to which it is made, is void as to the whole class. Courts will not undertake to separate the interests of those who might take from those who can not. *Caldwell* v. *Willis,* 57 Miss. 555; *Smith's Appeal,* 88 Pa. St. 492; Williams on Real Prop. 262; *Davenport* v. *Harris,* 3 Grant, 164; Jarman on Wills, 233.

A devise can not be made to an unborn child of an unborn child. That tends to perpetuity. 1 Washburn on Real Prop. 97.

Mr. Asa F. Mather, *pro se:*

Courts will, if possible, adopt such construction as will uphold all the provisions of the will. And in carrying this

purpose into effect, it is permissible to resort to any reasonable intendment.    Redfield on Wills, chap. 9, sec. 6.

The courts will not, without absolute necessity, hold a devise void for uncertainty, but will give it a meaning if it is possible.    1 Jarman on Wills, 643, and note 1.

The devise is not open to the objection that it creates a perpetuity.    The rule is, that a devise may be limited to a life or lives in being, and twenty-one years and a few months over.

The devisees of the fee are a class named by the testator. Who or what persons constitute that class is limited and determined at the expiration of a life in being at the death of the testator.    Grandchildren and children of deceased grandchildren of the testator only will answer the description. *Blatchford et al.* v. *Newberry et al.* 99 Ill. 11.

If the will carves out a particular estate which intervenes between the death of the testator and the period of distribution of the estate devised to the class, then all persons belonging to such class at the time when the estate is divided are included, though born after the death of the testator. *Handberry et al.* v. *Doolittle*, 38 Ill. 202.

A testator may make such disposition of his property as he pleases, provided it be not against the statutory rights of his widow, or some law imposing limits to the disposition of property by will.    *Heuser* v. *Harris*, 42 Ill. 425; *Broomfield* v. *Broomfield*, 43 id. 147; *Rhoads* v. *Rhoads*, 43 id. 239; *Waldo* v. *Cummings*, 45 id. 421.

The devise is not void for remoteness.    The devise is to the testator's own grandchildren.    All the children of the testator must be *in esse* at his decease, and their children must be born in their lifetime, so that they necessarily come into existence during a life in being.    1 Jarman on Wills, 542.

As an heir or devisee a child in its mother's womb is regarded as *in esse*.    *Botsford* v. *O'Conner et al.* 57 Ill. 72; *McConnell et al.* v. *Smith et al.* 23 id. 611; *Detric* v. *Migatt et al.* 19 id. 146.

The will provides for a valid intermediate estate sufficient to support the remainder. It gives the testator's children a life estate in equal parts, limiting each one's share over in case of death. They would then take *per autre vie.*

It matters not how contingent or uncertain the duration of the estate may be, or how probable is its determination in a limited number of years, if it is capable of enduring for the term of a life it is within the category of estates for life. 1 Washburn on Real Prop. (3d ed.) page 103.

The general intent of the testator must govern, even if a special intent has to yield. Redfield on Wills, 433; 2 Washburn on Real Prop. 540.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was brought by a portion of the heirs of Joshua E. Mather, deceased, against the executor and other heirs, to have the will of the decedent set aside and declared null and void because of the uncertainty of its provisions. Omitting the formal beginning and conclusion, the following is the will as admitted to probate: "After all my debts are paid and discharged, that the residue of my property, both real and personal, shall remain as my estate as long as I have a living child. The rents, use and interests of my estate, both personal and real, I dispose of as follows: First, to my beloved wife, Maria, I will and bequeath one-third of the net income of my estate, both personal and real, during her life, if she accepts it in lieu of dower. Secondly, I will and bequeath to my children the remaining two-thirds of the net income of my estate,"—naming each child,—"during the life of their mother, and after the death of their mother, the whole of the net income of my estate during their lives; and should any of my children die before the time for the final division of my estate, leaving heirs of their body, then their children shall take the share of their parent until the final settlement of my estate, and at the death of my last surviv-

ing child my will is that my estate be equally divided between my grandchildren, they to share and share alike. Should any of my grandchildren die before the final division of my property, leaving heirs of their body, their children to take the share of their parent. I hereby appoint my son-in-law, Jonathan Royse, and my son, Asa F. Mather, to be executors of this my last will and testament."

There can be no doubt as to what the intention of the testator was concerning the disposition of his property. It was, that all of it, both real and personal, should be kept together as one entire estate—the net income of which, in the meantime, was to go to his children—until the death of his last surviving child, and on the happening of that event his whole estate to be equally divided between his grandchildren, they to share and share alike; and should any of his grandchildren die before the final division of his estate, leaving heirs of their body, their children to take the share of their parent. That this was the intention of the testator is so plainly expressed in simple, terse English words, as to admit of no doubt, and his intention ought not to be defeated by any technical rules concerning the construction of wills, if it is possible to prevent it without any palpable violation of what are known as rules of property.

It is certain the grandchildren of the testator living at the time of the death of his last surviving child, or the children of such of his grandchildren as shall die before the happening of that event, are to take the remainder of the estate after the determination of the estate of his own children, whatever that may be. The difficulty in the case lies in ascertaining what estate is devised to the children of the testator. It is said the will is invalid for the reason that, according to its terms, no title to the property left by the testator is to pass to any one so long as he has a living child, as only the net income of his estate is bequeathed to his children during their lives, and hence, it is contended, there is no freehold to

keep the seizin for the remainder-men. This, it is thought, is not a correct reading of the will. The law is, and so this court has distinctly ruled in *Handberry* v. *Doolittle*, 38 Ill. 202, that a devise of rents and profits will pass the land. In support of this doctrine this court cited *Okeden* v. *Okeden*, 1 Atkyns, 552; *Hall* v. *Carter*, 2 id. 358; *Mills* v. *Banks*, 3 P. Wms. 7. So in this case a devise of the net income of his estate to his wife and children, during their lives, is a devise of the property to them during their lives. It is clear this was the intention of the testator, and without the aid of technical terms applicable to such matters, it is hardly possible that intention could have been more certainly expressed. This construction, it will be seen, conforms to the context. The fact the children of any of his children that should die first should take the share of their parent until the period of the final division of the estate should arrive on the death of the last surviving child of the testator, gives additional strength to the construction adopted. That which was done was a devise of his estate to his children during their lives, and on the death of the last surviving child the remainder to go to his grandchildren, or their children, living at the period of distribution. A particular estate would then vest in his children at the death of the testator, and it is such an estate in them as will support the remainder in the grandchild to whom it is devised. That being so, the children of the testator took a particular estate which would prevent the estate devised to the grandchildren from vesting in possession at the death of the testator, and thus it would let in after-born grandchildren. Adopting this construction, the case is relieved of much difficulty, and effect can be given to the plainly expressed intention of the testator. On this subject the rule of law is, where a will carves out a particular estate which intervenes the death of the testator and the period of distribution of an estate devised to a class, then all persons belonging to such class living at the time the estate is to be

divided, are included, notwithstanding some of them may be born after the death of the testator. Under this doctrine, which has for its support the weight of authority, all grandchildren living at the termination of the life estate of the testator's children, as well those born after as before his death, will be permitted to share in his estate.

There still remains a question to be considered, not free from difficulty. It is as to the management of the estate until the period of final distribution shall arrive. It would seem to be a reasonable construction, and one that would comport best with what appears to have been the manifest desire of the testator, it should remain in the hands of the executors named to execute the will. It will be observed only the "net income" of the estate is to be enjoyed by the children of the testator, and that will arise from personal as well as real estate, for the estate consists of both real and personal property. Unless this is the meaning of the will, it is not perceived how the personal estate could be preserved for the benefit of the several takers under the will. The devise is to a class, viz., to the children of the testator, and an intention is clearly expressed the estate shall be kept together as the estate of the testator until the period of distribution appointed by the will shall arrive. It is obvious this could only be done by the executors retaining the management, and paying to parties entitled thereto the "net income" of the estate, whether derived from the personal or real property.

The decree of the circuit court will be affirmed.

*Decree affirmed.*