DANIEL ZIMMER *et al.*

*v.*

JOHN SENNOTT.

*Filed at Mt. Vernon November 5, 1890.*

1. WILLS—*devise of rents and profits of land—operating as a devise of the land itself.* A devise of the rents, income and profits of land is equivalent to a devise of the land itself.

2. SAME—*of the estate devised—whether a trust is created.* A testator devised to his wife as follows: "All the rents, income and profits arising from all my real estate which I may own, (excepting certain specified property,) until the eldest one of my children has attained the age of eighteen years, upon condition that my said wife shall raise, support and educate my children until they respectively have attained the age of eighteen years, after which my wife shall receive one-third, only, of the net rents and income of such real estate, the other two-thirds to be paid to and equally divided among my children by my present wife:" *Held,* that the wife took an interest in the land as a devisee, which was liable to sale on execution against her, and that she did not hold such title as trustee for the testator's children.

3. If the testator had expressed a wish, expectation, hope, desire or request that the devisee should devise the rents, profits and income to the benefit of his children, a trust might have been created in favor of the children. The mere expression of the motive of a gift or grant is

not sufficient to establish a trust. If the raising and education of the children had been required out of the rents and profits, the rule might be different.

4. SAME—*legacy as a charge—as a personal charge, and a charge upon the estate.* If a legacy is made a personal charge on the devisee, an acceptance of the devise imposes a personal liability on the devisee, who will take the estate devised as a purchaser and in fee; but if the legacy is charged on the estate devised, the devisee does not take as a purchaser, but as beneficial devisee.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. SLATE & WINKELMAN, for the plaintiffs in error:

Henrietta Reis took the devise of the rents, income and profits of the land in trust, and upon the condition to support and educate the testator's children. If this be so, she had no estate in the lands liable to sale for her debts. *Ditch* v. *Sennott,* 117 Ill. 367; *Anderson* v. *Crist,* 113 Ind. 65; *Reed* v. *Reed,* 30 id. 313; *Sibert* v. *Cox,* 100 id. 392.

Messrs. WILDERMAN & HAMILL, for the defendant in error:

It is well settled law, that a devise of the rents, incomes and profits of land is equivalent to a devise of the land itself. *Carpenter* v. *Van Olinder,* 127 Ill. 42; *Ryan* v. *Allen,* 120 id. 648; *Handberry* v. *Doolittle,* 38 id. 202; 2 Jarman on Wills, (Rand & Tal. ed.) 403; 3 id. 434.

The devise to Henrietta Reis was not charged with the raising, support and education of the testator's children, but the charge was upon the devisee, and was purely personal to her, and such being the case, she, upon acceptance, took under the will, as a purchaser. *Johnson* v. *Johnson,* 98 Ill. 564; *Funk* v. *Eggleston,* 92 id. 515; *Wright* v. *Denn,* 10 Wheat. 226; *Brill* v. *Wright,* 112 N. Y. 129; *King* v. *Denison,* 1 V. & B. 272; 2 Jarman on Wills, (Rand & Tal. ed.) 150.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by the defendant in error, to recover a part of a certain lot in the town of Waterloo, in Monroe county. The property originally belonged to Adam Reis, who died testate. The will of the testator, which was admitted to probate, contained the following provision:

"*Second*—I give and bequeath to my wife, Henrietta, the sum of $1000, to be paid to her upon the final settlement of my estate. I also give and bequeath to her the houses and lots in said town in which I now reside, and which I purchased of Urban Stroh, for and during her natural life; also, all the rents, income and profits arising from all my real estate which I may own, (excepting said house and lots,) until the eldest one of my children has attained the age of eighteen years, upon condition that my said wife shall raise, support and educate my children until they respectively have attained the age of eighteen years, after which my wife shall receive one-third, only, of the net rents and income of such real estate, the other two-thirds to be paid to and equally divided among my children by my present wife."

Henrietta Reis (now Henrietta Ewald) accepted the provisions of the will, and in 1884 a judgment was rendered against her, upon which the property in question was sold, and upon the expiration of the time allowed for redemption, a deed was made to the defendant in error, upon which he recovered the possession of the property. It was admitted on the trial that the children named in the will are still residing with the said Henrietta; that the oldest one was then about fifteen years of age, and the youngest seven or eight. The lot involved was not the homestead, but a part of the property named in the second clause of the second provision of the will.

No irregularity is claimed in the rendition of judgment or in any of the proceedings under which the property was sold, but it is insisted by the plaintiffs in error that Henrietta Ewald

did not acquire an interest in the land under the will which was subject to sale on judgment, and this is the only question presented by the record.

It will be observed that the testator did not, in words, devise to his wife, Henrietta, the lands involved, but the language used in the will is, "all the rents, income and profits arising from all my real estate, (excepting the homestead,) until the oldest one of my children has attained the age of eighteen years." Wills containing similar language have been before this court before, and the law may be regarded as well settled that a devise of the rents, income and profits of lands is equivalent to a devise of the land itself. *Handberry* v. *Doolittle,* 38 Ill. 202; *Ryan* v. *Allen,* 120 id. 648. See, also, 2 Jarman on Wills, 609, and cases there cited.

But it is also claimed, that under the terms of the devise Henrietta took in trust and held the property, not beneficially or as a purchaser, but as a trustee, and hence it could not be sold as her property. It will be observed, that by the language of the will the devise to Henrietta Reis was not charged with the support and education of the testator's children, but the charge was upon the devisee herself, and when such is the case the devisee takes as a purchaser. In *Funk* v. *Eggleston,* 92 Ill. 515, where a question of this character was under consideration, we there said: "We understand the rule to be, that if the legacies are made a personal charge on the devisee, an acceptance of the devise imposes a personal liability on the devisee, who will take the estate devised as a purchaser and in fee (unless a less estate is limited); but if the legacies are charged on the estate devised, the devisee does not take as a purchaser, but as a beneficial devisee." If the testator, in the devise of the property to his wife, Henrietta, had expressed a belief, wish or desire, request or hope, recommendation or entreaty, that the devisee would devote the gift to the benefit of his children, a trust might have been created, and the devisee might, had such language been used, become a trustee

for the children. (Beach on Wills, sec. 215.) But no such language was used by the testator. He devised the property to his wife upon condition that she should support and educate his children, expressing no wish or desire whatever that the property devised should be devoted to such a purpose.

In *Bryan* v. *Howland,* 98 Ill. 625, it was held: "The mere expression of the motive for a gift or grant is not sufficient to establish a trust. Thus, a grant to A, to enable him to maintain his children, or an absolute gift to him, that he may support himself and children, will create no trust." In *Maline* v. *Keighley,* 2 Ves. Jr. 333, the Master of the Rolls said: "I will lay down the rule" (as to trusts to be implied from precatory words) "as broad as this: Whenever any person gives property and points out the object,—the property and the way in which it shall go,—that does create a trust." (See, also, *Mackett* v. *Mackett,* 2 Eng. Rep. by Moak, 412.) In *Hess* v. *Singler,* 114 Mass. 56, in considering what words in a will might be held sufficient to create a trust, the Supreme Court said: "In order to create a trust, it must appear that the words were intended by the testator to be imperative; and when property is given absolutely and without restriction, a trust is not to be lightly imposed upon mere words of recommendation and confidence."

In the clause of the will in question there will be found no language declaring a trust. It does not provide that the devisee shall raise, support and educate the children out of or from the rents and profits of the land, nor does it contain a provision that the devisee shall use the rents, incomes and profits of the land for such a purpose. So far as the language of the will is concerned, the devisee was at liberty to use the lands devised for any purpose whatever, as she might desire. Nor does the will contain any words expressing a wish, request, recommendation or desire that the lands devised should be used for the support and education of the children, from which a trust may be implied. We therefore see no ground

upon which it can, in view of the authorities, be held that a trust was created.

We have, however, been cited to *Anderson* v. *Crist*, 113 Ind. 65, as an authority which may control the decision of the case. In that case one item in the will read as follows: "To my wife, Catharine Crist, I give the use of all my real estate, being about two hundred and fifty acres, where I now reside, in Adams township, Decatur county, Indiana, until my youngest child arrives at twenty-one years of age, for the purpose of rearing and educating my children. And when my youngest child arrives at age, then I desire that the said real estate shall pass to my said wife and my children—one-third to my wife, and the balance to my children or their descendants, as the law would cast it." The court held, under the language used, Mrs. Crist, having accepted the provisions of the will, ∙became a trustee as to the rents and profits of the land, for the purpose stated. We find no fault whatever with the decision of the case cited, but the language used in that case is so different from the language in the will under consideration that the one can not be regarded as a precedent governing the other. In the Indiana case, as will be observed, the devise was made, as declared in the will, for the purpose of rearing and educating the children of the testator, while in the will in question no such purpose is declared or intimated by the testator,—and this is the distinguishing feature between the two cases.

We think the judgment of the circuit court was right, and it will be affirmed.

*Judgment affirmed.*