JOHN STURTZUM

v.

JOHN SENNOTT.

*Forcible Detainer.*

In an action of forcible detainer brought to recover possession of certain premises rented to defendant by a person named, a widow, the plaintiff

having received a sheriff's deed to her interest therein, she having acquired the same under the will of her husband, and such interest being subject to sale on judgment, this court declines to interfere with the judgment for the plaintiff.

[Opinion filed October 27, 1891.]

Appeal from the Circuit Court of Monroe County; the Hon. George W. Wall, Judge, presiding.

Messrs. Winkelmann & Slate, for appellant.

Mr. Charles Morrison, for appellee.

Green, P. J. This was an action of forcible detainer, commenced by Sennott, appellee, before a justice of the peace, to recover the possession of certain premises from Sturtzum, the tenant of Henrietta Reis, widow of Adam Reis, who died testate. The cause was tried on appeal in the Circuit Court by the court. The defendant was found guilty and judgment was entered for plaintiff on the finding.

The evidence shows that one Daniel Stein recovered a judgment against said Henrietta Reis in the Circuit Court of Monroe County, September 24, 1884, and her title and interest in said premises were levied upon and sold by virtue of an execution issued on said judgment. The purchaser assigned his certificate to Sennott, who received a sheriff's deed for the premises May 27, 1889. Upon this deed he bases his right to recover the possession under the provisions of the statute. The premises were not the homestead, and appellant obtained possession thereof by renting the same from Henrietta Reis long after the execution of the sheriff's deed to appellee. No question is made upon the notice, or demand for possession, but the sole defense relied on is, that said Henrietta Reis not having complied with the conditions of the following clause of her husband's will, forfeited all right and title to the rents and profits thereby devised.

" Second: I give and bequeath to my wife, Henrietta, the sum of $1,000, to be paid to her upon final settlement of my

estate.   I also give and bequeath to her the house and lots in said town in which I now reside and which I purchased of Urban Stroh, for and during her natural life.   Also, all the rents, income and profits arising from all my real estate which I may own (excepting said house and lots), until the eldest one of my children has attained the age of eighteen years, upon condition that my said wife shall raise, support and educate my children until they respectively have attained the age of (18) eighteen years, after which my wife shall receive one-third ($\frac{1}{3}$) only of the net rents and income of such real estate, the other two-thirds to be paid to and equally divided among my children by my present wife."

This clause received a construction by our Supreme Court adverse to this contention in the case of Sennott v. Zimmer, 134 Ill. 505.   The court says :   " It will be observed by the language of the will, the devise to Henrietta Reis was not charged with the support and education of the testator's children, but the charge was upon the devisee herself, and when such is the case the devisee takes as a purchaser."   The only question there involved was, did Henrietta Reis acquire an interest in the land which was subject to sale on judgment. It was held she did.   This case is decisive of the case at bar upon the question raised on behalf of appellant, and defeats the defense relied on.   Hence the court did not err in its finding, and the judgment must be affirmed.

*Judgment affirmed.*