CHARLES MORRISON

*v.*

MICHAEL SCHORR.

*Opinion filed June 19, 1902.*

1. WILLS—*whether devisee takes a fee depends upon whether a less estate is limited.* If a devise imposes a personal liability upon the devisee, the devisee takes as a purchaser, but the question whether she takes a fee simple depends upon whether a less estate is limited.

2. SAME—*devise of rents and profits is not always equivalent to devise of fee.* A devise of the rents, income and profits of land is not always equivalent to a devise of the fee estate in the land, but only of such estate as by the express words of the will or by operation of law is given to the devisee.

3. SAME—*intention of testator is to be gathered from whole will.* The intention of the testator is to be gathered, not from one clause of the will alone, but from a view of the whole will and all its parts.

4. SAME—*rule as to the construction of wills.* Such a construction should be adopted, if it can be reasonably done, as will give force and effect to every word and clause of the will; and if a prior clause and a subsequent clause are repugnant, the former should be restrained or modified by the latter.

5. SAME—*will construed as passing life estate to widow.* Where a will gives to the testator's wife "the house and lots in said town in which I now reside, * * * for and during her natural life; also all rents, income and profits arising from all my real estate which I may own (excepting said house and lots) until the eldest one of my children has attained the age of eighteen years, * * * after which my wife shall recover one-third only of the net rents and income of such real estate, the other two-thirds to be paid to and equally divided among my children," but in a subsequent clause the testator devises "all my real estate to my children by my pres-

ent wife in equal shares," the widow takes only a life estate, and not a fee simple title, to one-third of the property.

6. SAME—*express words of limitation not necessary to create less estate than a fee.* Express words of limitation are not necessary to create a less estate than a fee, since such fact may appear by necessary implication.

APPEAL from the Circuit Court of Monroe county; the Hon. B. R. BURROUGHS, Judge, presiding.

This is a bill for partition, filed on July 28, 1900, in the circuit court of Monroe county by appellee against appellant, and others, for the partition of lots 68 and 69 in the old town of Waterloo, and other lots and property in said town and county. The bill was answered by the appellant, Charles Morrison. The certificate of evidence shows, that the case was heard upon facts agreed upon by both parties. September 24, 1900, the court entered a decree of partition in accordance with the prayer of the bill. From this decree the present appeal is prosecuted.

The bill alleged, and the decree found, that the appellee, Michael Schorr, complainant below, and the appellant, Charles Morrison, defendant below, were each entitled to one-half of the premises, described in the bill, in fee as tenants in common. On October 20, 1881, one Adam Reis, Sr., died testate, seized in fee of the property described in the bill, and leaving him surviving his widow, Henrietta Reis, and the following children, as legatees and devisees, to-wit: Lena Ruch and Jacob Reis, children by a former wife; and Lena Reis, Anna Reis, Augusta Mary Reis and Louis Reis, children by his second wife, the said Henrietta Reis. On November 30, 1882, the widow, Henrietta Reis, married one John Ewald, and died intestate on July 31, 1898, leaving said Lena, Anna, Augusta Mary and Louis Reis as her only children.

At the September term, 1884, of the Monroe circuit court, one Daniel Stein recovered a judgment against Henrietta and John Ewald for $52.02 and costs, upon

which execution was issued and levied on two certain parcels of the land, described in the bill and sought to be partitioned, which were sold by the sheriff, and afterwards conveyed to one John S. Sennott. Sennott conveyed the same to the appellant, Charles Morrison.

When Adam Reis, Sr., died, his four children by Henrietta Reis, to-wit: Anna, Lena, Augusta and Louis Reis, were all minors, the oldest of them having become eighteen years of age in 1892. They are still living. On May 10, 1893, Anna Reis and Henrietta Ewald, by their deed of that date, conveyed all their interest in the premises, described in the bill, to the appellant, Charles Morrison; and on April 27, 1895, the said Lena, by her deed of that date, conveyed all her interest in said premises to the appellant, Charles Morrison. On July 17, 1899, Augusta, by her deed of that date, conveyed all her interest in said premises to the appellee, Michael Schorr; on June 18, 1900, the said Louis Reis, by his deed of that date, conveyed all his interest in said premises to the appellee, Michael Schorr. At the time of the filing of the bill, all of the devisees of said Adam Reis, Sr., including the youngest child, were more than eighteen years of age. The bill alleges that, by the death of Henrietta Ewald and by the purchases and deeds above set out from Lena and Anna Reis to Charles Morrison, the said Morrison became entitled to an undivided one-half interest in said premises, and that the appellee, Michael Schorr, by the death of Henrietta Reis and by the conveyances to him from the said Augusta Reis and Louis Reis, became entitled to their undivided one-half interest in said premises, as tenant in common with said Morrison.

The answer of appellant, Morrison, admitted all the facts alleged in the bill, but denied that the appellee, Schorr, was entitled to the undivided one-half of said premises, and avers that the appellee, Schorr, is entitled to only one-third in fee of said premises, and that the appellant is entitled to the undivided two-thirds of said

premises in fee, subject to certain mortgages referred to in the pleadings; except lots 68 and 69 above mentioned, which are the premises referred to in the will of Adam Reis, hereinafter set forth, as those, on which he resided at his death, and which he purchased from Urban Stroh. The will of Adam Reis, Sr., after leaving out the formal parts, is as follows:

"*First*—It is my will that my funeral expenses and all my just debts be fully paid.

"*Second*—I give and bequeath to my wife, Henrietta, the sum of one thousand dollars, to be paid to her upon the final settlement of my estate. I also give and bequeath to her the house and lots in said town in which I now reside, and which I purchased of Urban Stroh, for and during her natural life; also all the rents, income and profits arising from all my real estate which I may own (excepting said house and lots) until the eldest one of my children has attained the age of eighteen years, upon condition that my said wife shall raise, support and educate my children until they respectively have attained the age of eighteen (18) years, after which my wife shall recover one-third ($\frac{1}{3}$) only of the net rents and income of such real estate, the other two-thirds to be paid to and equally divided among my children by my present wife.

"*Third*—I give and bequeath to my son, Jacob Reis, the sum of two thousand ($2000.00) dollars to be paid and loaned out as soon as possible after my death, at the highest rate of lawful interest which can be obtained, upon good personal or real estate securities, for the use and benefit of my said son, and I hereby appoint my wife, Henrietta, conservator of my son, Jacob, to control and manage said money as aforesaid, first giving bond with securities as the court may order. And I further direct that my wife shall keep, support and maintain my said son during his natural life for the yearly interest arising from said money, and in case such interest is not

sufficient to maintain him, a part of the principal may be expended for his support, and if my wife shall fail or refuse to accept said trust, the court shall appoint some fit person in her place to manage his affairs, and, upon the death of my son, Jacob, the rest and residue of said money shall be divided equally among my children by my present wife, or their legal representatives.

"*Fourth*—I give and bequeath to the children of my daughter, Lena Ruch, the sum of six hundred ($600.00) dollars, to be divided equally among them and to be paid to their legally appointed guardian upon the final settlement of my estate.

"*Fifth*—I give and devise all my real estate to my children by my present wife in equal shares, subject to the rent charges and life estate aforesaid; and if any one or more of my said children shall die under age, and without leaving issue surviving him, her or them, I give and bequeath the share or shares, original as well as accrued of such of them as shall so die to my other and surviving children by my present wife, and I further direct that no real estate shall be sold in partition, or otherwise, until the youngest of my children has attained the age of eighteen years.

"*Sixth*—I give and bequeath all the rest and residue of my personal property to my children of my present wife in equal shares. The taxes, insurance and the costs for the necessary repairs of the improvements on said real estate shall first be paid out of the rents arising therefrom and the rest of the proceeds disposed of as hereinbefore directed.

"*Lastly*—I hereby nominate and appoint Henrietta Reis, my wife, to be executrix of this, my last will and testament, hereby revoking all former wills by me made."

DILL & WILDERMAN, for appellant.

JOSEPH W. RICKERT, and WINKELMANN & BARR, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

Appellee claims that the interest of Henrietta Reis, afterwards Henrietta Ewald, under the will of Adam Reis, Sr., was a mere life estate, which expired upon her death; that, therefore, appellant, claiming by conveyance from the purchaser at an execution sale of Henrietta's interest in a portion of the land, and by deed from her of other portions thereof, acquired nothing more than an estate for her life in one-third thereof, so that appellant no longer had any title or interest in the said one-third of the lands when she died. Appellee also claims that, by the deeds from Augusta Reis and Louis Reis, he became entitled to the undivided half of all the premises described in the bill; and that appellant, by virtue of the deeds from Anna Reis and Lena Reis, became entitled to their undivided half of all of said premises. The appellant concedes, that this contention is correct, so far as lots 68 and 69 are concerned, inasmuch as the will, by its terms, gave to Henrietta only a life estate therein; but he denies appellee's contention, so far as it concerns the other real estate described in the bill. Appellant claims, that Henrietta Reis was vested with the fee simple title to an undivided one-third of all of said lands, except lots 68 and 69; that Anna, Lena, Augusta and Louis Reis each took an undivided one-sixth of the said lands, or altogether an undivided two-thirds thereof, and that, by the deeds from Anna and Lena Reis, appellant acquired their one-third; so that, according to his claim, he is entitled to the undivided two-thirds of the real estate, other than lots 68 and 69, and that appellee is entitled to the undivided one-third thereof.

Hence, the only question for determination here is, what estate did Henrietta Reis, afterwards Henrietta Ewald, take under the will of Adam Reis, Sr., in the real estate, other than lots 68 and 69, of which the testator

died seized. If she took but a life estate therein, the decree of the circuit court is correct, while, if she took one-third in fee, that decree is erroneous.

The contention of the appellant is based upon the second clause of the second paragraph of the will. He claims that, under the second paragraph, the widow took the whole estate, until the eldest one of the testator's children should attain the age of eighteen years, and that, after that date, which was in 1892, she took one-third of that real estate absolutely and in fee simple, while the appellee contends that she took but a life estate. Appellant invokes, in support of his position upon this subject, the doctrine that a devise of the rents, income and profits of real estate is a devise of the real estate itself. (*Zimmer* v. *Sennott*, 134 Ill. 505; *Sturtzum* v. *Sennott*, 41 Ill. App. 496; *Howe* v. *Hodge*, 152 Ill. 252). The words, "after which my wife shall recover one-third only of the net rents and income of such real estate," are construed by the appellant to mean, that the wife should have the fee of one-third of all the real estate, except the homestead lots 68 and 69.

Appellant also invokes the doctrine that, where legacies are by will made a personal charge on the devisee, the acceptance of the devise imposes a personal liability on the devisee; who will take the estate devised, as a purchaser and in fee, unless a less estate is limited; but that, if the legacies are charged on the estate devised, the devisee does not take as a purchaser, but as a beneficial devisee. (*Zimmer* v. *Sennott, supra; Funk* v. *Eggleston*, 92 Ill. 515).

Appellant also invokes the thirteenth section of the Conveyance act, which provides that "every estate in lands, which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been

granted, conveyed or devised by construction or opera-
tion of law." (1 Starr & Cur. Ann. Stat.—2d ed.—p. 925).

*First*—It is true, and this court has held, that a devise
of the rents, income and profits of land is equivalent to
a devise of the land itself. (*Handberry* v. *Doolittle*, 38 Ill.
202; *Ryan* v. *Allen*, 120 id. 648; 2 Jarman on Wills, 609).
But a devise of the rents, income and profits of land is
not always equivalent to a devise of the fee estate in the
land. A portion of the second paragraph of the will of
Adam Reis, Sr., was under consideration by this court in
*Zimmer* v. *Sennott, supra*. It was there held that, by the
use of the following words in paragraph 2 of the will,
to-wit: "also, all the rents, income and profits arising
'from all my real estate, which I may own, (excepting said
house and lots,) until the eldest one of my children has
attained the age of eighteen years, upon condition that
my said wife shall raise, support and educate my chil-
dren, until they respectively have attained the age of
eighteen years, after which my wife shall receive one-
third, only, of the net rents and income of such real
estate, the other two-thirds to be paid to and equally
divided among my children by my present wife," the tes-
tator gave to the wife an interest in the land, as a devi-
see, which was liable to sale on execution against her,
and that she did not hold such title as trustee for the
testator's children. It was there said that, "by the lan-
guage of the will the devise to Henrietta Reis was not
charged with the support and education of the testator's
children, but the charge was upon the devisee herself,
and, when such is the case, the devisee takes as a pur-
chaser." It there appeared that the eldest child was then
about fifteen years of age, and the youngest, seven or
eight, so that three years were yet to elapse before the
eldest child should become eighteen years of age. The
holding there was merely, that Henrietta Reis took such
an interest, as was subject to levy under an execution
issued upon a judgment recovered against her. Under sec-

tion 3 of the act in relation to judgments, etc., the term, "real estate," includes estates for the life of the debtor, or of another person, and estates for years. (2 Starr & Cur. Ann. Stat.—2d ed.—p. 2330). There, Henrietta Reis had an estate for years in the property, which could be .subjected to the payment of the judgment against her. But it was not there decided, that the quantum of interest, taken by her under the will, was a fee simple interest in the land. True, it was there held that she took as a purchaser, because the charge of the support and education of the testator's children was upon her, herself, as devisee, but it was expressly stated that, where the devise imposes a personal liability on the devisee, the devisee will take the estate devised, as a purchaser and in fee, unless a less estate is limited. Whether or not, therefore, the interest given here by the will is a fee simple interest, depends upon the question whether a less estate is limited or not. Thus, in *Mather* v. *Mather*, 103 Ill. 607, the second paragraph of the testator's will was as follows: "I will and bequeath to my children the remaining two-thirds of the net income of my estate during the life of their mother, and after the death of their mother, the whole of the net income of my estate during their lives." And it was there held, applying the doctrine that a devise of rents and profits will pass the land, that "a devise of the net income of his estate to his wife and children, during their lives, is a devise of the property to them during their lives." There, the statement, that a devise of rents and profits passed the land, meant that it passed the land to the devisees during their lives, and not in fee. So, here, while it may be true, that the devise to Henrietta Reis of one-third of the net rents and income of the land, except lots 68 and 69, passed the land, it did not necessarily pass a fee in the land, but such estate, as by the express words of the will, or by operation of law, was therein given to her.

*Second*—In the construction of wills the great object is to ascertain the intention of the testator, and this intention is to be gathered, not from one clause of the will alone, but from a view of the whole will, and of all its parts. In *Walker* v. *Pritchard*, 121 Ill. 221, we said (p. 233): "It is a question of construction, from the entire instrument, what estate is given. In the absence of limiting or qualifying words, it is a fee, but with such words, the instrument is to be construed so as to give effect to the intention of the testator, as manifested by the phraseology of the entire instrument." Paragraph 2 of the will here in controversy is to be read in connection with the fifth paragraph of the will. If, by the words in the second paragraph: "my wife shall recover one-third, only, of the net rents and income of such real estate," she was given a fee in one-third of such real estate, then by the words, which immediately follow, to-wit: "the other two-thirds to be paid to and equally divided among my children by my present wife," the children were given a fee simple title in the remaining two-thirds of the real estate. But, if, by this language in the second paragraph, the widow was given the fee in one-third and the children were given the fee in the remaining two-thirds, the fifth paragraph would seem to be superfluous, as well as inconsistent with the second paragraph. By the fifth paragraph the testator says: "I give and devise all my real estate to my children by my present wife in equal shares, subject to the rent charges and life estate aforesaid." By this language all his real estate is devised to his children, subject to the rent charges and life estate named in the second paragraph. By the second paragraph he gave the widow a life estate in the homestead lots 68 and 69, and he gave her, after the arrival of his eldest child at the age of eighteen years, the rents and income from one-third of the rest of his estate. This one-third of the net rents and income of the balance of the real estate, after

taking out the homestead lots, together with the other two-thirds of the net rents and income to be paid to and equally divided among his children by his then wife, are referred to by the use of the words, "rent charges," in the fifth paragraph. By the fifth paragraph he gives and devises all his real estate to the children by his second wife. How could this be true if, by the second paragraph, he had already given one-third in fee of his real estate to his wife? Manifestly, if the fee in one-third was given to his wife by the second paragraph, the fifth or subsequent paragraph is inconsistent with the gift contained in the second paragraph. It is a familiar rule, in the construction of wills, that such construction, if it can reasonably be done, should be adopted, as will give force and effect to every word and clause of the will. It is also a familiar rule of construction that, if a prior and a subsequent clause are repugnant, the prior clause should be restrained or modified by the subsequent clause. (*Siddons* v. *Cockrell*, 131 Ill. 653). The clause in the second paragraph, then, will be regarded as modified or restrained by the clause in the fifth paragraph. Counsel for appellant claim, that the words, "subject to the rent charges and life estate aforesaid," mean that all the real estate is given to the children, except what had been theretofore given to the wife. We are unable to accept this interpretation as correct. By the fifth paragraph all the real estate is given to the children, but it is given to them subject to the rent charges mentioned in the second paragraph. Making the gift to them subject to such rent charges is inconsistent with the idea, that such rent charges amounted to a fee. Otherwise, by the fifth paragraph, the testator would be giving a fee subject to a fee.

*Third*—In addition to what has already been said, the testator uses the following language in the second paragraph of his will: "I also give and bequeath to her the house and lots in said town in which I now reside, and

which I purchased of Urban Stroh, for and during her natural life; also, all the rents, income and profits arising from all my real estate which I may own (excepting said house and lots) until the eldest one of my children has attained the age of eighteen years," etc.  Here, the testator gives a life estate in the homestead lots, and "also" all the rents in the balance of the real estate for a portion of her life.  The word, "also," here means: "in like manner." (*Panton* v. *Tefft*, 22 Ill. 367; 2 Am. & Eng. Ency. of Law,—2d ed.—p. 177).  That is to say, having given to the widow a life estate in the homestead lots, the word "also" is to be construed as meaning that, in like manner, he gives to her a life estate in the balance of the property, the rents and income of all until the eldest child becomes eighteen years of age, and, after that time, one-third of such rents and income during the rest of her life.  Counsel for appellant claim that the word "also" means nothing more than "in addition to." It does often have that meaning, but here the words "I give and bequeath" are not repeated before the words "all the rents, income and profits," etc.  The words, "all the rents, income and profits," etc., follow and are governed by the words "give and bequeath," which govern the words "the house and lots  *  *  *  for and during her natural life." If there had been a separate sentence, "I also give and bequeath all the rents, income and profits," etc., then the contention of counsel might be correct, but the words, giving an interest in such rents, income and profits, are not parts of a clause which is complete in itself, but are parts of the same sentence, which gives the life interest in the homestead lots. We are, therefore, of the opinion that the second paragraph of the will, read in connection with the fifth paragraph thereof, gave the widow only a life interest in one-third of the net rents and income of the real estate, except the homestead lots.

*Fourth*—Counsel for appellant contend that, inasmuch as the words used in the second paragraph, give the

widow the fee in one-third of the real estate, her estate of inheritance, thus given by the second paragraph, will not be cut down by doubtful words or terms used in any other clause of the will; and the doctrine is invoked, that courts are disposed to adopt such construction, as will give an estate of inheritance to the first donee. (*Leiter* v. *Sheppard*, 85 Ill. 242; *Giles* v. *Anslow*, 128 id. 187). We find no fault with the doctrine thus relied upon. Even if Henrietta Reis did take by the second paragraph of the will an absolute fee, she does not continue to be vested with such fee, if the subsequent clauses of the will show a contrary intention on the part of the testator. Where it is the intention of the testator that a less estate should be taken by the wife, it is wholly immaterial in what part of the will such intention is manifested. We think that here it is manifested in the fifth paragraph of the will. It is, however, not clear that, even if the second paragraph of the will stood alone, it was the intention of the testator to give the widow a fee simple title to one-third of all the real estate, except the homestead lots, for the reasons already stated.

Express words of limitation are not necessary in order to create a less estate than a fee. It may appear by necessary implication that a less estate than a fee is granted. (*Lehndorf* v. *Cope*, 122 Ill. 317). We are of the opinion that, here, a clear intention is shown on the part of the testator to grant merely a life estate to the widow.

It follows that appellant, by the deed from Henrietta Reis, or Henrietta Ewald, took only an estate in the property (not including the homestead lots) which lasted during her life, and that, when she died, that estate ended. Consequently, the appellant was only entitled to an undivided one-half of the property, not including the homestead lots, and was not entitled to an undivided two-thirds thereof.

The decree of the circuit court is affirmed.

*Decree affirmed.*