## SWAN et al. v. DUNCAN et al.

No. 10182—Opinion Filed June 8, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Questions of Fact— Equity Case.**

In equity proceedings the judgment of the trial court will not be disturbed where it is not clearly against the weight of the evidence.

**2. Oil and Gas—Action to Cancel Lease— Evidence—Admissibility.**

Certain evidence offered by the plaintiffs and excluded by the court after a case was reopened for further evidence examined, and the action of the trial court in excluding the same held not to be prejudicial error.

**3. Appeal and Error—Harmless Error— Rulings on Evidence.**

Under section 6005, Rev. Laws 1910, any error in the admission or rejection of evidence is not grounds for reversal, unless this court, after an examination of the entire record, finds that the error complained of has

probably resulted in a miscarriage of justice.

#### 4. New Trial—Newly Discovered Evidence— Discretion of Trial Court—Appeal.

A party is not entitled to a new trial on the ground of newly discovered evidence where such evidence, if admitted, would not change the result of the trial. Such a motion is addressed to the sound discretion of the trial court, and where the record does not show an abuse of discretion, the trial court's action thereon will not be disturbed by this court.

Error from District Court, Caddo County; Will Linn, Judge.

Action by J. D. Swan and another against I. M. Duncan and another to cancel oil and gas lease. Judgment for defendants, and plaintiffs bring error. Affirmed.

F. E. Riddle and Harry Hammerly, for plaintiffs in error.

Bond, Melton & Melton, for defendants in error.

RAINEY, C. J. This action was filed in the district court of Caddo county by J. D. Swan and Laura T. Swan against I. M. Duncan and the Keechi Oil and Gas Company, to cancel an oil and gas lease on a tract or land which the plaintiffs, as lessors, executed to the defendant L. M. Duncan. and which was by him assigned to the Keechi Oil and Gas Company.

The only provision of the lease material to a consideration of the case is as follows:

"Second party agrees to commence operation of drilling a well within ninety days from the date of this lease. in the vicinity of Cement, Oklahoma, to a depth of three thousand feet, if oil is not found at a lesser depth, and continue operations until well is completed, as above specified."

The grounds alleged for the cancellation of said lease. as pleaded by plaintiffs in their petition, are that the defendants failed to comply with the above provision by starting a well within 90 days, and that after drilling operations were commenced the defendants did not continue drilling operations until a well was completed, according to said provision.

Another alleged ground for cancellation was that the lease contained a surrender clause which, under the law, had the effect of giving the plaintiffs the right to surrender and cancel the same. This claim was based upon the decision in Brown v. Wilson, 58 Okla. 392, 160 Pac. 94, which has since been overruled, and the point has been abandoned in this court.

The cause was tried to the court without a jury, resulting in a finding that the defendants had complied with all the provisions of said lease, and judgment was rendered for them accordingly. The plaintiffs, as plaintiffs in error, have appealed from said judgment, assigning numerous errors, only three of which are argued in the brief.

Under the first proposition it is asserted that the judgment of the trial court is clearly against the weight of the evidence on the issue as to whether a test well was commenced within ninety days. The evidence on this issue is conflicting, but we have weighed it under the rule announced in this jurisdiction in a long line of cases, and from our examination thereof are convinced that the judgment in this respect is not only not clearly against the weight of the evidence, but is amply supported by the evidence. Schock et al. v. Fish, 45 Okla. 12, 144 Pac. 584; Crump v. Lanham, 67 Oklahoma, 168 Pac. 43.

It is conceded that the test well was not drilled to a depth of 3,000 feet within a year, but an examination of the evidence further shows that early in December, 1916, an oil sand was struck at a depth of about 1,500 feet, and, as stated in Wooten v. Lackey et al. (No. 10744), this day decided (opinion not yet officially published), this well flowed and was pumped for sometime thereafter. After this oil sand was struck the lessees had considerable difficulty with the well, and it later produced oil in small quantities only, but we are thoroughly satisfied from the evidence that the test well disclosed the presence of oil in paying quantities, as was contemplated by the parties. The obvious purpose of the provision for the test well was to explore the unknown and undeveloped territory around Cement. with a view of opening a field in case oil or gas was found, and thereby inducing further development in that vicinity. This was the only benefit that would probably accrue to the plaintiffs, since the agreement did not obligate the lessees to drill on plaintiffs' land and they had no financial interest in the amount of oil produced. The test well did, in fact. reveal that oil existed in quantities at the depth where this oil sand was struck, and resulted in further drilling in that vicinity. After a careful examination of all the evidence in the record. we cannot say that the judgment of the trial court is clearly against the weight of the evidence on this issue. This is the same conclusion reached in Wooten v. Lackey (No. 10744). this day decided, and Day v. Keechi Oil & Gas Co., 72 Oklahoma, 180 Pac. 366. wherein the same question was presented.

After the case was closed the court, at the request of the plaintiffs, reopened it and per-

mitted the plaintiffs to offer additional testimony, but complaint is made that at said hearing the court sustained objections to some of the testimony offered by the plaintiffs; among other things, plaintiffs sought to show that sometime after oil was struck at a depth of 1,500 feet defendants entered into a contract to have the well deepened, and plaintiffs contend that this was very material testimony on the question as to whether or not the test well had been completed. We do not think the court erred in sustaining the objection to the offered testimony on the question of deeper drilling. Oil had been found at a depth of 1,500 feet, and the well completed, according to the evidence, but owing to some trouble with the hole, the exact nature of which is unknown to us, it had ceased to flow or produce oil in the quantities as at first indicated, but we cannot perceive how the fact that deeper drilling was contracted for with an object of finding a more prolific sand would be material evidence against defendants on the question of whether oil was struck and the well completed at a lesser depth.

From an examination of the entire record, we are convinced that the rejection of the other evidence, if the same were admissible, did not result in a miscarriage of justice. We are, therefore, not authorized to reverse the cause on this ground under section 6005, Rev. Laws 1910, and numerous decisions of this court. Democrat Printing Co. v. Johnson, 71 Oklahoma, 175 Pac. 737.

The fourth and last proposition urged by plaintiffs in their brief is that the court erred in refusing to grant plaintiffs a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence, as set forth in said motion, was that after the trial of the action the test well had been abandoned. If this evidence had been introduced, we think, under the circumstances of the case, the judgment would and should have been the same. It is well settled in this jurisdiction that a party is not entitled to a new trial on the ground of newly discovered evidence where said evidence, if admitted, would not have changed the result of the trial. Vickers v. Phillips Carey Co., 49 Okla. 231, 151 Pac. 1023. Motions of this character are addressed to the sound discretion of the trial court, and where the record does not show an abuse of discretion in this respect, the court's action thereon will not be disturbed by this court. Jones v. Oklahoma Planing Mill & Mfg. Co., 47 Okla. 477, 147 Pac. 999.

We find no reversible error in the record, and the judgment is, therefore, affirmed.

KANE, HARRISON, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.