**TURNER, Adm'r, v. TURNER et al.**

No. 15215—Opinion Filed March 3, 1925.

**1. Appeal and Error—Review of Equity Case—Sufficiency of Evidence.**

This court will weigh the evidence in an equity cause on appeal, but will not reverse the same, unless it be clearly against the weight of the evidence.

**2. Judgment Sustained.**

Record examined; held, to support judgment in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by Fred E. Turner, as administrator of the estate of Julia Ayers Turner, deceased, against Tookah B. Turner, C. W. Turner, and Clarence W. Turner, to cancel conveyances to Tookah B. Turner, and subject the real estate to the payment of judgment in favor of the plaintiff and against C. W. Turner. Judgment for defendants. Plaintiff brings error. Affirmed.

C. Ambrister and Bower Broaddus, for plaintiff in error.

Brown & Phipps, for defendants in error.

Opinion by STEPHENSON, C. The evidence shows that a judgment was entered in favor of Julia Ayers Turner in her life time against C. W. Turner for a certain

sum of money. A judgment was later entered against C. W. Turner and in favor of the Missouri Lincoln Trust Company, for a certain sum of money. It appears that the judgment in favor of the trust company constituted a prior lien on the lands of the defendant C. W. Turner. The Missouri Trust Company later caused execution to issue upon its judgment against Turner, and levied on the lands and tenaments then owned by the defendant. The lands levied upon were sold under execution and the trust company became the purchaser at the sale. The Missouri Trust Company later conveyed the lands purchased at the sale to Marion E. Turner, a daughter of the defendant, C. W. Turner. The daughter later and after her marriage conveyed the same lands to Tookah B. Turner, the wife of C. W. Turner. Tookah B. Turner later conveyed a part of the lands in question to C. W. Turner, Jr., a son of the defendant, C. W. Turner.

The plaintiff commenced his action against the defendants to cancel the conveyances and subject the property to the indebtedness held by the plaintiff, against the defendant C. W. Turner, on the ground that the property was in fact the property of the defendant C. W. Turner, and was conveyed by the trust company to Marion E. Turner to defeat the collection of the indebtedness held by the plaintiff against the defendant C. W. Turner.

The plaintiff in the trial of the cause rested his action upon proof of the several conveyances, the kinship among the defendants, and the fact that Marion E. Turner was attending school in New York at the time the property was conveyed to her. The plaintiff did not undertake to prove that the lands were purchased and paid for by the father from the trust company and conveyed to the daughter. The defendant demurred to the evidence which was overruled by the court.

The defendants offered proof, which was not disputed by the plaintiff, that Marion E. Turner procured the purchase price paid to the trust company for the conveyances by mortgaging her own lands. So far as we are able to determine from the records, the transaction between the trust company and Marion E. Turner was free from fraud. She purchased the lands from the trust company subject to a considerable mortgage then on the property. As Marion E. Turner acquired a good title to the property, apparently free and clear from fraud, she conveyed a like title in the property to Tookah B. Turner.

The court entered its judgment for the defendants upon all the evidence. We think that the judgment of the court is clearly supported by the evidence. It is sufficient that the judgment is not clearly against the weight of the evidence. McLaughlin v. Yingling, 90 Okla. 159, 213 Pac. 552.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 897, 900; (2) 4 C. J. p. 1129.