## In re STREET'S ESTATE.
### LEE et al. v. WILSON.

No. 18044. Opinion Filed Sept. 10, 1929.

Keaton, Wells & Johnston and W. C. Lee, for plaintiffs in error.

Ross & Thurman, for defendant in error.

LESTER, V. C. J. On February 20, 1925, Allen Street and the American National Bank of Oklahoma City filed in the county court of Oklahoma county their petition alleging that J. G. Street died a resident of said county on the 15th day of February, 1925; that the deceased left wills and codicils bearing dates as follows: December 3, 1920; August 23, 1921; March 23, 1923; January 9, 1924; and requested that said instruments be admitted to probate as the last will and testament of the deceased. After due notice as required by law, said instruments were admitted to probate as the last will and testament of J. G. Street, deceased, and Allen Street and the American National Bank of Oklahoma City were appointed administrators and executors of said estate and duly qualified as such.

On March 1, 1926, there was filed in said matter the petition of Gertrude Wilson for a distribution to her of her share of the estate of said deceased. The petition of Gertrude Wilson was set for hearing on the 22nd day of March, 1926, and due notice of said hearing was given. On the 22nd day of March, 1926, Allen Street and the American National Bank of Oklahoma City, executors of the estate of J. G. Street, deceased, filed their answer to the petition of Gertrude Wilson. On the 22nd day of March, 1926, the county court made an order appointing W. C. Lee attorney and guardian ad litem for the grandchildren and the great-granddaughter of J. G. Street, deceased. On April 20, 1926, there was filed in the county court an answer to the petition of Gertrude Wilson by W. C. Lee.

On April 22, 1926, the county court entered its order granting the petition of Gertrude Wilson. The court in said order adjudged and decreed:

"It is, therefore, considered, ordered, adjudged and decreed by the court that the testamentary writing dated December 3, 1920, is the last will and testament of J. G. Street, deceased, and controls and governs the distribution of said estate, and that the testamentary writings of August 23, 1921, March 23, 1923, and January 9, 1924, are wholly inoperative to govern or affect the distribution of said estate or to otherwise change or affect the last will and testament dated December 3, 1920, except to appoint and designate Allen Street and the American National Bank as executors of said last will and testament."

On the 30th day of April, 1926, Allen Street and the American National Bank of Oklahoma City, executors of the estate of J. G. Street, deceased, and W. C. Lee, attorney and guardian ad litem for the minors and grandchildren of the said deceased, filed in the county court their written notice of appeal to the district court from the order and judgment of the county court sustaining the petition of Gertrude Wilson, and an appeal was duly effected to the district court, and on the 28th day of June, 1926, the district court rendered its judgment affirming and ratifying the action of the county court in sustaining the petition of Gertrude Wilson for her distributive share of the estate of J. G. Street, deceased.

The judgment of the district court, in part, is as follows:

"It is, therfore, considered, ordered, adjudged and decreed that the testamentary writing of J. G. Street, deceased, dated December 3, 1920, duly proved and admitted to probate by the county court of Oklahoma county March 2, 1925, be and the same is hereby established as the last will and tes-

tament of J. G. Street, deceased, and the testamentary writings of August 23, 1921, March 23, 1923, and January 9, 1924, be and the same are hereby adjudged to be void and wholly inoperative to govern and affect the distribution of the estate of J. G. Street, deceased, or to otherwise change or affect the last will and testament dated December 3, 1920, except to appoint and designate Allen M. Street and American National Bank of Oklahoma City as executors of said last will and testament; that the petition of Gertrude Wilson for the distribution to her of the property bequeathed and devised to her by the said last will and testament of J. G. Street, deceased, dated December 3, 1920, be and the same is hereby granted, and that the order and decree of the county court of Oklahoma county made and entered on April 20, 1926, in the matter of the estate of J. G. Street, deceased, being cause No. 6333 probate pending in the county court, be and the same is hereby in all things affirmed and ratified, and that the mandate of this court be issued by the clerk of this court directing the county court in and for Oklahoma county to proceed to enforce its said order of April 20, 1926, and make distribution to petitioner, Gertrude Wilson, as therein provided, upon her executing the bond provided for in said order."

Motion for new trial was duly filed, and thereafter overruled by the court.

W. C. Lee, as attorney and guardian ad litem for the minors, and Allen Street and the American National Bank of Oklahoma City, executors of the estate of the deceased, J. G. Street, appealed from said judgment to this court.

The principal question involved on appeal is the construction that should be given to the codicil executed by the deceased on March 23, 1923. The following clause of the said codicil provides:

"I will that all this property shall be held in trust and the revenue from it shall be divided as follows: When an amount equal to $590 shall be collected or the multiple of 590 one hundred dollars shall be paid to my wife and each of my four children, and ten (10) dollars each to my grandchildren. When all my four children shall have died, then the income shall be divided equally between my grandchildren. After all my grandchildren have died the property shall be sold and divided their heirs."

The deceased, by an additional codicil of January 9, 1924, did not devise any of his real estate therein, but provided in said codicil:

"Out of this pay my wife $300 and my son Joe $200 and his wife Lula $100, and each of my other children one hundred. The balance to go toward paying my debts all my income except from rents shall be applied to paying my debts, until they are all paid. After my debts are all paid, my whole income shall be equally between my wife and four children, wife and each cild have equal amounts, except one hundred dollars shall be taken from Joes part and paid to Lula his wife."

The court below held that the testator in devising an income from his estate to his grandchildren gave it to them as a class, and that under section 11284, C. O. S. 1921, said class would be opened up to let in after born grandchildren, and therefore, the property would not vest absolutely in remainder until the last grandchild had died, and there was a possibility that after born grandchildren would survive the grandchildren living at the time of the death of the deceased, and consequently the estate might possibly not vest in remainder during the life or lives in being at the time of the death of the testator, or more than 21 years and nine months thereafter.

The plaintiffs in error in their brief cite several sections of our statutes governing the construction of wills, among them being:

Section 11264, C. O. S. 1921: "A will is to be construed according to the intent of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible.

Section 11265, C. O. S. 1921: "In case of uncertainty arising upon the face of the will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will taking into view the circumstances under which it was made, exclusive of his oral declarations."

Section 11273, C. O. S. 1921: "Of two modes of interpreting a will, that is to be preferred which would prevent a total intestacy."

The will of the deceased executed December 3, 1920, was skillfully drawn and legally executed and makes complete disposition of all the testator's property. Under said will the testator's wife and his four living children were made the principal beneficiaries.

The plaintiffs in error urge that the testator did not have in mind after born grandchildren, for in that he provided in said codicil of March 23, 1923: "When an amount equal to $590 shall be collected or the multiple of 590 one hundred dollars shall be paid to my wife and each of my four

children, and ten (10) dollars each to my grandchildren."

It is urged by the plaintiffs in error that by said provision the testator had in mind only the nine grandchildren then born and alive at the time he executed the said codicil. The defendant in error's answer to this proposition is that the testator had in mind a pro rata share to be awarded said grandchildren and that it was devised them as a class. We do not think that this argument as furnished by either side is impressive or persuasive in determining the issue here.

The testator, after providing for the payment of the $100 to his wife and $100 to each of his children, and $10 to his grandchildren, then postponed to a further time another standard of division by providing that "When all my four children shall have died, then the income shall be divided equally between my grandchildren; after all my grandchildren have died, the property shall be sold and divided their heirs."

It is here clear that after the death of the four children the income from the real estate shall go to all of the testator's grandchildren without limitation; and that when all of the testator's grandchildren shall have died, the property shall then be sold and the proceeds divided among the heirs of all the testator's grandchildren.

Clearly by the language used in testator's codicil the real estate was to be held in trust, not only until the death of the testator's four children, but also until the death of all testator's grandchildren.

Whatever number of testator's grandchildren who may have enjoyed an income during the life of testator's children, as provided by the codicil of March 23, 1923, it becomes plain that upon the death of all the testator's children the income from said property would then pass to an entire class, to wit, all of the grandchildren of the testator; and that the trustee would be compelled to hold the real estate in trust and without sale until the death of the last member of this class.

Section 11284, C. O. S. 1921, provides:

"A testamentary disposition to a class includes every person answering the description at the testator's death; but when the possession is postponed to a future period, it includes also all the persons coming within the description before the time to which the possession is postponed."

Section 8410, C. O. S. 1921, reads as follows:

"The absolute power of alienation cannot be suspended by any limitation or condition whatever, for a longer period than during the continuance of the lives of persons in being at the creation of the limitation or condition, except as provided by section 6608."

The exception contained in section 6608, Rev. Laws 1910, is carried forward in section 8413, C. O. S. 1921.

Section 8413, C. O. S. 1921, provides:

"A contingent remainder in fee may be created on a prior remainder in fee, to take effect in the event that the persons to whom the first remainder is limited die under the age of 21 years, or upon any other contingency by which the estate of such persons may be determined before they attain majority."

Section 8466, C. O. S. 1921, provides:

"No such express trust shall be valid unless created, first, by a written instrument subscribed by the grantor or grantors duly acknowledged as conveyances of real estate are acknowledged and recorded in the office of the county clerk of each county wherein is situated any real estate conveyed to such trustee, as well as in the county where the principal property is located or business conducted; or, second, by a will duly executed, as required by the law of the state. Such express trusts shall be limited in the duration thereof either to a definite period of not to exceed twenty-one (21) years, or to the period of the life or lives of the beneficiary or beneficiaries thereof. The instrument creating the trust shall specify the period of duration thereof within the limitations herein provided."

In the case of McLaughlin, Ex'r, et al. v. Yingling et al., 90 Okla. 159, 213 Pac. 552, the lower court there made the following finding:

"The court finds that the will entered for interpretation herein in paragraph 8 thereof provides that if the daughter of the deceased, Frances Catherine Yingling, shall die without issue, the residue of the estate then remaining shall go to the children of the testator's brothers and sisters and the children of the brothers and sisters of his wife, and that said paragraph 8 further provides that said bequest shall take effect only under the circumstances named and not take effect until the youngest of the testator's nephews and nieces shall arrive at the age of 22 years. The court further finds that the father of the testator is yet living and that he may yet have other children, whose children would be the nephews and nieces of the testator and belong to the class named in said bequest. And the court finds that it is clearly the intention of the testator as gathered from said will to hold the corpus of his estate intact until there exists

no possibility of other nephews or nieces being born, and the court finds that said paragraph suspends the vesting of said estate for a period for more than 21 years, nine months after the life or lives of persons in being, and that said suspension violates the rule against perpetuities, and that said paragraph eight of said will is therefore void, inoperative, and of no effect, and that it must be vacated, set aside and held for naught, and that the elimination of said paragraph 8 in said will destroys the general scheme and plan of testator's disposal of his estate, and that said general scheme and plan being, therefore, destroyed, the whole will has failed as an instrument of distribution and the estate must be held to have passed as intestate property at the time of the death of the testator and to have passed to and vested in his heirs at law under the law of the state of Oklahoma, at the time of his death."

In that case this court said:

"We think the trial court was correct in holding that paragraph 8 of the will offends the law against perpetuities."

Under the provisions of the codicil executed by the testator March 23, 1923, we think the provisions thereof clearly included a class susceptible of unborn additions thereto, which would keep alive the trust restrictions upon the real estate to a time far beyond 21 years and nine months after the lives of all the persons in being at the time of the death of the testator, and that said provision is void as offending the rule against perpetuities.

The plaintiffs in error contend:

"Even though the entire scheme of the testator in placing his property in trust should fall, the will of December 3, 1920, would not be revived on account of the same being specifically revoked in the later wills or codicils, and deceased must be held to have died intestate."

In considering the will of the testator. together with the additional codicils executed by him, we think the following expression, which is to be found in section 628, chapter 4, Schouler on Wills, Executors and Administrators, is here applicable:

"Many testamentary causes arise where the effect of one or more codicils upon a prior will has to be considered, and it is a fundamental maxim that no codicil shall revoke a prior will more than is absolutely necessary at all events to give its own provisions effect, unless it contains an express clause of full revocation as an express revocation in the codicil of one part of the will negatives by implication an intention to alter it in other respects and the codicil does not revoke but republishes and reaffirms the will and is to be construed with it as one entire instrument."

We think that all of the codicils executed by the testator so far as possible should be construed as reaffirming and republishing the original will, and that they should be construed as one entire instrument. It is manifest from the original will and the codicils thereafter executed that was the intention of the testator to devise his wife and four children the bulk of his estate.

In the case of Altrock v. Vandenburgh, 25 N. Y. Supp. 851, the court said:

"Now, if this attempted devise was valid, it would operate as a revocation of the will in such respect, because inconsistent with it, and expressly intended to take the place of it. But it is not valid, and it would be strange, indeed, if a wholly inoperative attempted disposition should nevertheless have the effect of destroying a prior valid devise, especially when, as in this case, it is apparent that the testator did not wish to die intestate as to his real estate, and that, if he had known he could not lawfully make the disposition last attempted, he would have been content with the first."

Also in the case of Austin v. Oakes et al., 117 N. Y. 577, the syllabus thereof reads in part:

"The doctrine that an earlier provision of a will is revoked by a later one, or by a codicil repugnant thereto, operates only so far as it is necessary to give the later provision effect; and so does not apply where it is absolutely void."

Judgment of the district court is affirmed.

MASON, C. J., and CLARK, RILEY, CULLISON, and ANDREWS, JJ., concur.